**F I L E D**
CLERK, U.S. DISTRICT COURT

2/5/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KM_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>        v.<br><br>JOSEPH JAURIQUE,<br><br>            Defendant. | CR   2:26-cr-00062-SVW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1); (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi): Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Offense; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about July 30, 2025, in Los Angeles County, within the Central District of California, defendant JOSEPH JAURIQUE, knowingly and intentionally possessed with intent to distribute at least five

grams, that is, approximately 35.4 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about July 30, 2025, in Los Angeles County, within the Central District of California, defendant JOSEPH JAURIQUE, knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 72.82 grams, of a mixture and substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about July 30, 2025, in Los Angeles County, within the Central District of California, defendant JOSEPH JAURIQUE knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1.   A Sig Sauer, Model P365, 9mm caliber pistol, bearing serial number 66A001461; and

2.   Nine rounds of 9mm caliber ammunition with headstamp marking "GECO".

Defendant JAURIQUE possessed such firearm and ammunition knowing that he had been previously convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Possession of a Controlled Substance with Intent to Sell, in violation of California Health and Safety Code § 11351, and Possession of a Deadly Weapon, in violation of California Penal Code § 12020(a), in the Superior Court of the State of California, County of Ventura, Case Number 2007043081, on or about September 15, 2008;

2.   Receiving Stolen Property, in violation of California Penal Code § 496(a), in the Superior Court of the State of California, County of Ventura, Case Number 2008000337, on or about September 15, 2008;

3.   Robbery, in violation of California Penal Code § 211, in the Superior Court of the State of California, County of Ventura, Case Number 2013012387, on or about July 31, 2013;

4.   Possession of a Controlled Substance with Intent to Sell, in violation of California Health and Safety Code § 11370.1(A), in

4

the Superior Court of the State of California, County of Los Angeles; Case Number LA095014, on or about July 11 2022; and

5.    Felon in Possession of a Firearm, in violation of California Penal Code § 29800(A)(1), and Felon in Possession of Ammunition, in violation of California Penal Code § 30305(A)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number PA099706, on or about May 12, 2023.

COUNT FOUR

[18 U.S.C. § 924(c)(1)(a)(i)]

On or about July 30, 2025, in Los Angeles County, within the Central District of California, defendant JOSEPH JAURIQUE knowingly possessed a Sig Sauer, model P365, 9mm caliber pistol, bearing serial number 66A001461, in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(viii), as charged in Count One of this Indictment and Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi), as charged in Count Two of this Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction in any of the offenses set forth in Counts One through Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property //

//

described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three through Four of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

a.    All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

b.    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//

//

9

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /S/
                                        _____
                                        Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

*Frances S. Lewis*

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

ROBERT K. QUEALY
Special Assistant United States
Attorney
General Crimes Section